KEVIN V. RYAN (CSBN 118321)
United States Attorney

EUMI L. CHOI (WVBN 0722)
Chief, Criminal Division

MONICA FERNANDEZ (CSBN 168216)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7065
    FAX: (415) 436-7234

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>  v.<br>THOMAS KEITH CASEBEER,<br>    Defendant. | No. CR 3-05-70327 EDL<br><br>STIPULATION AND PROTECTIVE ORDER RE: DISCOVERY OF CHILD PORNOGRAPHY |

Thomas Keith Casebeer is charged with one count of attempted receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A). The United States will produce to counsel for the defendant in this case a mirror image of all digital media that was seized from the defendant, including digital media that contains images of child pornography. Pursuant to the child victim privacy provisions of 18 U.S.C. § 3509(d) and Federal Rule of Criminal Procedure 16, the parties stipulate, and the Court orders, that disclosure of these materials shall be subject to the following restrictions:

1.    Except when being actively examined for the purpose of the preparation of the defense of defendant Casebeer, the digital media produced by the United States to defense counsel, Edward Swanson, shall be maintained in a locked, safe, and secure drawer, cabinet, or

STIPULATION AND PROTECTIVE ORDER
[CR 3-05-70327 EDL]

safe which is accessible only to Mr. Swanson, his investigator, or his expert.  Mr. Swanson, his investigator, and the expert shall not permit any person access of any kind to the digital media except as set forth below.

      2.    The following individuals may examine the digital media for the sole purpose of preparing the defense of defendant Thomas Casebeer and for no other purpose:

         a)   Counsel for defendant, Edward Swanson, his associate, August Gugelman, and his paralegal, Kristina Alexander;

         b)   Defendant Thomas Casebeer, but only in the presence of his attorney;

         c)   An expert retained by the defendant to assist in the defense of this matter; and

         d)   One investigator retained by the defendant to assist in the defense of this matter.

If defense counsel determines that additional experts are needed to review the material, he must obtain a further order of the Court before allowing any other individual to review the material.

      3.   A copy of this order shall be maintained with the digital media at all times.

      4.   All individuals other than Mr. Swanson and defendant Thomas Casebeer who receive access to the materials pursuant to this Order, <u>prior to receiving access to the materials</u>, shall sign a copy of this Order acknowledging that

         a)   they have reviewed the Order;

         b)   they understand its contents;

         c)   they agree that they will only access the digital media for the purposes of preparing a defense for defendant Casebeer;

         d)   they will not make any copies of any image files within the digital media without further order of the Court;

         e)   they will not access the digital media from any computer that is connected to the internet or to any local network; and

         f)   they understand that failure to abide by this Order may result in sanctions by this Court and in state or federal criminal charges for possession or dissemination of child pornography.

Counsel for the defendant, Mr. Swanson, shall promptly file with the Court signed

STIPULATION AND PROTECTIVE ORDER
[CR 3-05-70327 EDL]         2

1  acknowledgments of this Order, ex parte and, at counsel's discretion, under seal.

2      5.    No other person may be allowed to examine the material without further court order.  Examination of the digital media shall be done in a secure environment which will not expose the materials to other individuals not listed above.

    6.    No copies of any image files contained in the digital media may be made without further court order.  The prohibition on copying includes (1) printing out images onto paper or film and (2) duplicating the images in any digital format.  Non-image files such as word processing files, emails, and other text files may be duplicated to the extent necessary to prepare the defense of this matter.

    7.    The computer from which the digital media will be accessed shall not be connected to the Internet or to any other computer network.

    8.    Any pleadings that include or make reference to the above-described materials or their contents shall be filed under seal.

    9.    Within five court days of the judgement and sentencing hearing in this matter, all material provided to defense counsel pursuant to this Order, and all other authorized copies, if any, shall be returned to the United States.  The United States shall destroy them.  If defendant believes that he must maintain the material for any reason related to appeal, defendant must seek authorization from the District Court within five days of the sentencing and judgement in this matter.

IT IS SO STIPULATED:

DATED: 3/15/06                         /s/ Edward Swanson
                                       EDWARD SWANSON
                                       Attorney for defendant Thomas Casebeer


DATED: 3/17/06                         /s/ Monica Fernandez
                                       MONICA FERNANDEZ
                                       Assistant United States Attorney

    IT IS SO ORDERED.

DATED: March 17, 2006                  _____
                                       BERNARD ZIMMERMAN
                                       United States Magistrate Judge

STIPULATION AND PROTECTIVE ORDER
[CR 3-05-70327 EDL]                    3